**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 08:54 AM April 27, 2018**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| RONNIE D. WOODS AND | ) | CASE NO. 14-62176 |
| JEANNIE L. WOODS, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtor. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Debtors filed a motion to reopen their case on April 18, 2018. Although they paid the filing fee, the motion requests waiver of that fee. Debtors argue the case was closed through administrative error and therefore Local Bankruptcy Rule 5080-1(b) entitles them to a refund of the fee to reopen.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered by The United States District Court for the Northern District of Ohio on April 4, 2012. Gen. Order 2012-7. The court has authority to issue final orders in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

# FACTS

Debtors filed a joint chapter 13 case on October 1, 2014. The court confirmed an amended plan on January 8, 2015. On December 17, 2015, the chapter 13 trustee, Toby L. Rosen ("Trustee") filed a notice indicating plan payments were complete ("Notice"). Approximately one month later, she filed her Final Report and Account, certifying "pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered . . . and all administrative matters for which the trustee is responsible have been completed."

Filing of the Final Report triggered debtor obligations under Administrative Order 08-06 ("AO 08-06"), including the requirement for each debtor to file a domestic support obligation ("DSO") statement and a statement related to 11 U.S.C. § 1328(h). As stated in AO 08-06, these documents are due twenty-eight (28) days after Trustee submits the notice that payments are complete. AO 08-06 also states "The Court will not send deficiency notices to remind debtors of their pre-discharge obligations. If a case is closed without entry of the discharge, a debtor will be required to pay the filing fee imposed for reopening a case."

The docket text for the Notice states that the deadline to comply with AO 08-06 was January 14, 2016. Debtors did not timely comply and the case was closed without discharge on February 16, 2016. On February 18, 2016, after the case was closed, Debtors belatedly filed the documents, as well as an objection to the closure. On February 19, 2016, the court made the following docket entry: "**Document filed in closed case. No further action unless case is reopened.**" Electronic service of this entry was provided to Debtors' counsel, among others.

Over two years later, Debtors moved to reopen the case.

# DISCUSSION

I.   **Reopening**

The first question the court will consider is whether Debtors have demonstrated grounds for reopening. 11 U.S.C. § 350(b) provides for reopening to "to administer assets, to accord relief to the debtor, or for other cause." If reopened, Debtors could obtain relief in the form of a discharge order. However, this court's § 350(b) precedents establish that more is involved in a decision to reopen. In re Elkins, Case No. 05-65317 (Bankr. N.D. Ohio June 14, 2016); In re Heinbuch, Case No. 06-60670 (Bankr. N.D. Ohio April 7, 2016). Quoting Elkins:

> The decision to reopen is at the sound discretion of the court. Rosinski v. Boyd (In re Rosinski), 759 F.2d 539 (6th Cir. 1985) (citations omitted). To make the determination, the court is to "consider the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." In re Kapsin, 265 B.R. 778 (Bankr. N.D. Ohio 2001) (citing Mendelsohn v. Ozer, 241 B.R. 503, 506 (E.D.N.Y. 1997)). The burden of proof rests with the movant. In re Caravona, 347 B.R. 259,

2

262 (Bankr. N.D. Ohio 2006).

Elkins at 3.

The court declined to reopen the Elkins case on grounds of futility. In Heinbuch, the court examined the equities in a case involving a debtor who waited seven years to file a motion to reopen a case that was closed without discharge for her failure to file the financial management certificate. Adopting the four factors set forth in In re Johnson, 500 B.R. 594, 597 (Bankr. D. Minn. 2013), the court denied the relief. Those four factors, (1) whether there is a reasonable explanation for the lack of compliance, (2) whether the request was timely, (3) whether fault lies with counsel, and (4) whether creditors are prejudiced, are applicable here. Id.

Debtors' motion to reopen is not timely. It was filed two years after the case closed. There is no explanation for the delay. Debtors have offered absolutely no explanation for their failure to timely file the end-of-case documents. The court notes that the § 1328(h) documents are dated December 18, 2015, prior to issuance of the Notice, but the DSO statements are dated after the case closed. It is unclear what transpired. Per Heinbuch, the prejudice to creditors is high. The court has previously noted the creditor concerns that accompany these types of requests: "[c]reditors listed in the case may have sold or transferred the debt, could have moved, or any number of other scenarios may complicate getting notice of the discharge to the proper parties. This is not a casual consideration . . . ." In re Hicks, Case No. 16-60628 at 2 (Bankr. N.D. Ohio July 28, 2017). For these reasons, the court finds that Debtors have not carried their burden of proof on the motion to reopen and it is denied.

## II. Rule 5009

Relying on Rule 5009(a), Debtors contend the court prematurely closed the case, shortening the period they had to file documents. The rule reads

> [i]f in a chapter 7, chapter 12, or chapter 13 case the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest, there shall be a presumption that the estate is fully administered.

Fed.R.Bankr.Pro. 5009(a). Debtors read this rule as prohibiting case closing before the expiration of the thirty day objection period and that during this period, they can continue to fulfill their obligations. The court rejects this argument on several fronts.

Debtors ignore the limitation imposed by this court in AO 08-06 which states that the documents are due twenty-eight (28) days after the trustee's Notice is filed. Debtors' documents were due January 14, 2016. They were filed over one month later, outside the deadline, and after the case closed. Nothing in Rule 5009(a) operates to extend deadlines established by bankruptcy rules or court orders.

3

A purpose of Rule 5009(a) is to provide a court with guidance on when a case can be closed. 11 U.S.C. § 350(a) obligates a court to close a case "[a]fter an estate is fully administered and the court has discharged the trustee." The Code does not define what constitutes "full administration," leaving courts in a quandary. Rule 5009(a) establishes a definite date for a court to deem "full administration" occurred, clearing a path for case closing. The presumption created under Rule 5009(a) is evidentiary.

> Rule 5009(a) does not require a 30 day opportunity for objection. It simply provides an evidentiary presumption as to full administration … Rule 5009 did not bar the bankruptcy court from entry of the final decree prior to the expiration of 30 days.

Hujazi v. Wirum (In re North Oxford Bright Horizons Grp LLC), 2015 WL 3377850, * 4 (B.A.P. 9th Cir. 2015). As an evidentiary rule, it is not exclusive nor does it operate to expand deadlines.

The trustee certified "the estate has been fully administered" in her final report. (Chapter 13 Trustee Final Report and Account, ECF No. 43) This representation creates an independent foundation for a court to close the case. Id. Debtors offer no evidence to the contrary. As in North Oxford, they do "not identify any unpaid creditor, unadministered assets, or unperformed requirement for case completion such that the bankruptcy court erroneously relied on the Final Report's certification of full administration." Id.

Moreover, the meaning of "full administration" is "formulated by the duties the bankruptcy code imposes on the chapter 13 trustee." In re Rivera, 2013 WL 5661477, *1 (Bankr. D. Puerto Rico 2013) (unpublished); In re Avery, 272 B.R. 718, 726 (Bankr. E.D. Cal. 2002) (stating "the contours of the phrase are shaped by the duties imposed on the chapter 13 trustee."). Closure is premised on fulfillment of a trustee's administrative duties, not on any acts of a debtor. "Rule 5009 serves a bureaucratic function, has nothing to do with the debtor and it grants debtor no substantive rights or interests." In re Cook, 2012 WL 5408905 (Bankr. D. N.M. 2012) (citing In re Schoenewerk, 304 B.R. 59, 63 (Bankr. E.D.N.Y. 2003)). Consequently, Debtors' attempt to use the rule to extend the deadline to file documents is wholly misplaced.

The court notes that there is authority to the contrary supporting Debtors. In re Cook, 2012 WL 5408905, *4 (Bankr. D. N.M. 2012) (citation omitted); In re Carvalho, 578 B.R. 1 (Bankr. D.C. 2017). The court finds North Oxford more persuasive. It is from a higher court, is directly on point, and fully considers the rule's purpose. For these reasons, the court rejects Debtors' arguments.

Debtors' motion to reopen is denied and an order will be issued immediately.

#   #   #

**Service List:**

Ronnie D. Woods
Jeannie L. Woods
58 C Street S.W.
Navarre, OH   44662

Kenneth L. Sheppard, Jr.
Sheppard Law Offices Co LPA
Belden Village Tower, Suite 200
4450 Belden Village St., NW
Canton, OH 44718

Toby L. Rosen, Trustee
400 W Tuscarawas Street
Citizens Bank Bldg. 4th Floor
Canton, OH 44702